

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 30, 2024

Eric S. Rosen, Esq.
Dynamis LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
erosen@dynamisllp.com

      Re:    United States v. JDM Supply LLC
                Criminal No.

Dear Attorney Rosen:

The Acting United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, JDM Supply LLC ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

Defendant will waive Indictment and plead guilty to count 1 of the Information: conspiracy to introduce or deliver for introduction into interstate commerce a misbranded device with intent to defraud or mislead, in violation of 18 U.S.C. § 371, 21 U.S.C. §§ 331(a) and 333(a)(2). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty of this crime.

Defendant agrees to venue of the case in the District of Massachusetts. Defendant knowingly waives any applicable statute of limitations and any legal or procedural defects in the Information.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

        a)    A fine of $500,000 or twice the pecuniary gain or loss of the offense, whichever

        is greater. The gross gain resulting from the offense is $1,900,000. Thus, the maximum fine is $3,800,000;

    b) A term of probation of not more than five years;

    c) A mandatory special assessment of $400;

    d) Restitution; and

    e) Forfeiture to the extent charged in the Information.

3.    Sentencing Guidelines

The parties agree to jointly take the following positions at sentencing under the United States Sentencing Guidelines ("Guidelines").

    a) Per U.S.S.G. § 2N2.1(c)(1), the applicable guideline is U.S.S.G. § 2B1.1, based on the following calculations, that Defendant's fine range is $1.6 million to $3.2 million.

    b) Defendant's total "offense level" under the Guidelines is 22:

        i. Defendant's base offense level is 6 because the statutory maximum for the underlying offense is less than 20 years (U.S.S.G. § 2B1.1(a)(2)); and

        ii. Defendant's offense level is increased by 16 levels because the loss was more than $1.5 million and less than $3.5 million at the time the government detected the offense and because the offense involved goods for which government approval was required but not obtained (U.S.S.G. § 2B1.1(b)(1)(I)).

    c) Defendant's base fine level is $2 million (U.S.S.G. § 8C2.4(d));

    d) Defendant's culpability score is 4:

        i. Defendant starts with 5 points (U.S.S.G. § 8C2.5(a));

        ii. 1 point is subtracted because the organization accepted responsibility (U.S.S.G. § 8C2.5(g)(3));

    e) For a culpability score of 4, the minimum and maximum multipliers are 0.80 and 1.60, respectively (U.S.S.G. § 8C2.6);

    f) Disgorgement is not necessary (U.S.S.G. § 8C2.9); and

g) The Guidelines term of probation is at least one year but not more than five years (U.S.S.G. § 8D1.2(a)(1)).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The parties agree to recommend the following sentence to the Court:

a) A criminal fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to be able, to pay a fine. Defendant shall pay interest on any unpaid portion of the criminal fine, and the interest shall be computed pursuant to 18 U.S.C. § 3612(f).[1]

b) A mandatory special assessment of $400, which Defendant must pay to the Clerk of the Court by the date of sentencing.

c) A period of probation of one year.

If Defendant fails to pay the criminal fine due pursuant to this Plea Agreement and fails to cure such default upon 30 days' written notice from the U.S. Attorney, the United States may enforce the criminal fine judgment against any interest of the Defendant as permitted by law.

---

[1] Pursuant to §3612(f)(1), the defendant shall pay interest on any fine amount that is not paid in full before the fifteenth day after the date of the judgment. Pursuant to §3612(f)(2), the interest on the fine shall be computed daily from the first day on which the defendant is liable for interest and the rate of interest shall be equal to the weekly average I-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which the defendant is liable for interest.

Defendant agrees that in the event Defendant fails to pay the criminal fine and it is not timely cured, all criminal monetary penalties, including special assessment, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court ordered repayment schedule does not preclude further enforcement or collection by the United States pursuant to the terms of this Plea Agreement.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to

4

the charges specified in Paragraph 1 of this Agreement.

7. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. William B. Brady.

        Sincerely,

        JOSHUA S. LEVY
        Acting United States Attorney

By: _____
        Kelly Begg Lawrence
        Chief, Health Care Fraud Unit
        Mackenzie A. Queenin
        Deputy Chief, Health Care Fraud Unit

        _____
        William B. Brady
        Howard Locker
        Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I, Daniel Motha, CEO, the duly authorized representative of JDM Supply LLC ("JDM"), hereby expressly acknowledge the following: (1) that I have read this entire Agreement as well as the other documents filed herewith in conjunction with this Agreement, including the Information; (2) that JDM has had an opportunity to discuss this Agreement fully and freely with its counsel; (3) that JDM fully and completely understands each and every one of the terms of this Agreement; (4) that JDM is fully satisfied with the advice and representation provided to it by its counsel; (5) that I am authorized on behalf of JDM to enter into this Agreement and to take all such actions as may be necessary to effectual this Agreement; (6) that JDM has signed this Agreement knowingly and voluntarily; and (7) no additional promises or representations have been made to JDM by any officials of the United States in connection with this matter.

*D Motha*
D Motha (Sep 30, 2024 19:23 EDT)
JDM Supply LLC
Defendant
By: Daniel Motha
Authorized Representative

Date: 30/09/24

## ACKNOWLEDGEMENT BY COUNSEL

I, Eric S. Rosen, the attorney representing JDM Supply LLC, hereby expressly acknowledge the following: (1) that I have reviewed and discussed this Agreement with my client; (2) that I have explained fully each one of the terms of the Agreement to my client; (3) that I have answered fully each and every question put to me by my client regarding the Agreement; and (4) that I believe my client fully and completely understands all of the Agreement's terms.

s/ Eric S. Rosen
Eric S. Rosen, Esq.
Attorney for JDM Supply LLC

Date: 30/09/24

**Signature:** *Eric S. Rosen*

**Email:** erosen@dynamisllp.com

7